UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILLIANO LORENZO ZAMORA,<br><br>         Plaintiff,<br><br>         v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendant. | Case No. 1:23-cv-01405-HBK[1]<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>(Doc. No. 23) |

Pending before the Court is the parties' stipulated motion for award of attorney's fees filed on August 20, 2024. (Doc. No. 23). The parties agree to an award of attorney's fees and expenses to Plaintiff's attorney, Jonathan O. Peña of Peña & Bromberg, PLC, in the amount of $7,500.00 in attorney fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id.*).

On May 21, 2024, this Court granted the parties' stipulated motion for a remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings, and judgment was entered. (Doc. Nos. 22, 24).  Plaintiff now

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 12).

1  requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R.

2  Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)

3  (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a

4  prevailing party).  The Commissioner does not oppose the requested relief.

5        The EAJA provides for an award of attorney fees to private litigants who both prevail in

6  civil actions (other than tort) against the United States and timely file a petition for fees.  28

7  U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

8  unless it finds the government's position was "substantially justified or that special circumstances

9  make such an award unjust."  *Id*.  Here, the government did not show its position was

10 substantially justified and the Court finds there are not special circumstances that would make an

11 award unjust.

12       Based on the stipulation, the Court finds an award of $7,500.00 in attorney fees and

13 expenses is appropriate.  EAJA fees, expenses, and costs are subject to any offsets allowed under

14 the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If

15 the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not

16 subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted

17 to Plaintiff's counsel.

18       Accordingly, it is **ORDERED:**

19       1. The stipulated motion for attorney fees and expenses (Doc. No. 23) is **GRANTED**.

20       2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

21 the amount of $7,500.00 in attorney fees and expenses.  Unless the Department of Treasury

22 determines that Plaintiff owes a federal debt, the government shall make payment of the EAJA

23 fees to Plaintiff's counsel, Jonathan O. Peña of Peña & Bromberg, PLC, in accordance with

24 Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

25 Dated:    August 22, 2024

26       HELENA M. BARCH-KUCHTA
      UNITED STATES MAGISTRATE JUDGE

27

28